UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
DANIEL LAVI
on behalf of himself and
all other similarly situated consumers

                    Plaintiff,

     -against-


RECEIVABLES PERFORMANCE MANAGEMENT, LLC

                    Defendant.

----------------------------------------------------------

# CLASS ACTION COMPLAINT

## *Introduction*

1. Plaintiff Daniel Lavi seeks redress for the illegal practices of Receivables Performance Management, LLC, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Lynnwood, Washington.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Daniel Lavi*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about October 15, 2016, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter stated in pertinent part as follows: "**Total Due: $453.99**."

12. The $453.99 is the aggregate of a $69.25 collection fee.

13. The said October 15, 2016 letter misstated the actual amount of the debt by stating that $453.99 was owed as the letter did not itemize the expenses or explain the amount of the debt in any way.

14. The October 15, 2016 letter did not specify the amount of the collection fee, nor disclose that Defendant is attempting to collect a $69.25 collection fee.

15. Since the collection fee that the Defendant is attempting to collect is a fee in excess of the actual debt, it must be explicitly itemized as such, yet the Defendant chose to withhold such information.

16. The October 15, 2016 letter, by unilaterally determining that $453.99 was the amount owed, misstated the actual amount of the debt as it did not indicate that included in the amount due was a collection fee that the Defendant was attempting to collect.

17. The Defendant necessarily had to specify separately, an amount that it intended to charge (or had already charged) as collection fees and not merely lump it together with the total amount due.[1]

18. 15 U.S.C. § 1692e of the FDCPA states:

    "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

    (2)(A) "the character, amount, or legal status of any debt[.]"

19. 15 U.S.C. § 1692f of the FDCPA states:

    "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

20. The said October 15, 2016 letter could conceivably mislead the least sophisticated consumer, as nowhere does the Defendant explain that it is seeking to collect collection fees.

21. The least sophisticated consumer could reasonably wonder why his bill had now reached the amount of $453.99.

22. The only way for a consumer to ascertain as to how the total amount due had been calculated by the Defendant would be to call up the Defendant and have the Defendant clarify it accordingly.

23. More importantly, the least sophisticated consumer may very well have lost his original bill with Verizon Wireless and forgotten the precise amount of the debt completely. In this circumstance, the debtor might logically assume that he or she had simply incurred the $453.99 with Verizon Wireless.

---

[1] See Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 564 (7th Cir. 2004). (Even if attorneys' fees are authorized by contract, as in this case, and even if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the domand for payment includes add-on expenses like attorneys' fees or collection costs.)

24. The said October 15, 2016 letter is misleading because it gives a false impression of the character of the debt.

25. The Defendant was supposed to itemize the various charges that comprise the total amount of the debt.

26. Upon information and belief, it is the Defendant's pattern and practice to use false, deceptive, or misleading representations when collecting debts from debtors.

27. Upon information and belief, it is the Defendant's pattern and practice to not itemize the expenses or explain the amount of the debt in any way.[2]

28. Defendant falsely represented the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A).

29. In addition, the collection fee the Defendant unfairly sought to collect was unauthorized in violation of 15 U.S.C. § 1692f(1).

30. The collection fee was not expressly authorized by the agreement, nor permitted by law.

31. Defendant's October 15, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A), 1692f and 1692f(1) for failing to specify the amount of the collection fee, and for failing to disclose that Defendant was attempting to collect a collection fee.

32. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

33. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

34. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

---

[2] Acik v. IC System, Inc., 640 F. Supp. 2d 1019 (N.D. Ill. 2009). (The court held that the debt collector's letter would leave even a sophisticated consumer guessing as to what the "Additional Client Charges" label represented. The question under 15 U.S.C.S. § 1692e was not whether these charges were fair or proper, but whether the fees were clearly and fairly communicated so that the consumer could ascertain the fees' validity.)

35. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

36. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

37. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

38. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

39. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

40. As an actual and proximate result of the acts and omissions of Receivables Performance Management, LLC, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

### AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

41. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty (40) as if set forth fully in this cause of action.

42. This cause of action is brought on behalf of Plaintiff and the members of a class.

43. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about October 15, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Verizon Wireless; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A), 1692f and 1692f(1) for failing to specify the amount of the collection fee, and for failing to disclose that Defendant was attempting to collect a collection fee.

44. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

45. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

48. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

49. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
October 16, 2017

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)



**RPM**
*Receivables Performance Management LLC*
20816 44th Ave W
Lynnwood, WA 98036

| | |
|---|---|
| Notice Date: | 10-15-16 |
| Creditor Account#: | ███████001 |
| Creditor: | Verizon Wireless |
| Original Creditor: | Verizon Wireless |
| Due Date: | 10-31-16 |
| **Total Due:** | **$453.99** |

### ACT NOW AND SAVE MONEY
### SETTLEMENT OFFER: $272.39

Dear Lavi, Daniel:

Due to our client's desire to aid you in removing your account from collections, we are willing to accept 60% of the "total due" shown above as settlement in full. The remaining 40% of your outstanding balance will be forgiven if your payment of $272.39 is received on or before 10-31-16.

Call us toll free at 844.761.4042 between the hours of Mon - Fri 6 AM to 5 PM Pacific time, Sat - Sun 8 AM to 1 PM Pacific time. to arrange payment terms. Otherwise, full payment of the settlement offer can be mailed to us at:

> Receivables Performance Management LLC
> PO Box 1548
> Lynnwood, WA 98046-1548

**This communication is from a debt collector. The purpose of this notice is to collect a debt. Any information obtained will be used for that purpose.**

To inquire about your account with Verizon Wireless, please call 866-212-7408 and ask for Calvin Nelson. New York City Department of Consumer Affairs License Number 1291891.

### PAYMENT OPTIONS

**(1) Single Payment Option:**

- Pay **$272.39** no later than **10-31-16**.
- Your account will be considered **"Settled in Full"** after we post your payment.

**(2) Financial Hardship Plan:**

- Contact one of our Professional Representatives to qualify for our various payment options.
- Your account will be considered **"Settled in Full"** once the account reaches a zero balance.

---

### RECEIVABLES PERFORMANCE MANAGEMENT LLC CONTACT INFORMATION

| Call Toll-Free 844.761.4042 to discuss payment arrangements. Let us prove how committed we are to working with you! | Pay by mail to: Receivables Performance Management LLC PO Box 1548 Lynnwood, WA 98046-1548 | You can now pay online at: www.rpmpayments.com | Office Hours: Mon - Fri 6 AM to 5 PM Pacific time, Sat - Sun 8 AM to 1 PM Pacific time. |

SOX/355327224067        PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT        19094/01380//0045

---

Undeliverable Mail Only:
PO Box 2630
Southgate, MI 48195-4630



10-15-16

Lavi, Daniel
909 E 29th St Apt 6A
Brooklyn, NY 11210-3707

**IF PAYING BY CREDIT CARD, FILL OUT BELOW.**

ZIP CODE  [  ]  VISA ☐  MasterCard ☐  DISCOVER ☐
CC# [          ]    CCV# (ON BACK OF CARD) [  ]
SIGNATURE          EXP. DATE
Name as it appears on card.      REFERENCE NUMBER: 45257277
CREDITOR: Verizon Wireless      AMOUNT PAID $

Receivables Performance Management LLC
PO Box 1548
Lynnwood, WA 98046-1548